O’Neall, J-.
delivered the opinion of the Court.
-*-11 t^is case, as in Felder v. Bonnett, it may be said that ‘ “ questions of location approximate so nearly to purely legal questions, that a new trial is more readily granted for error in them, than in any other class of cases depending upon facts.”
In this case, we think we are bound, as we were in Felder v. Bonnett, to grant a new trial. The jury have discarded fixed and settled land marks, for a purely conjectural location. In the location of Saul Simons’ deed to Calk, there was no dispute till it reached the stone corner, formerly a post-oak. About that, too, there was no dispute. From it to the stake by a stump (formerly a pine corner) was a plain well marked line, corresponding with the course laid down in the deed,— *125 certainly claimed, by the plaintiff, and those under whom he claims, for more than 25 years. The defendants and their husband and father lived in sight of that line, suffered the settlement and clearing in the angle A. to be made, and occupied from ’23, up to that very line. They on their part clearing, cultivating, and holding, until very recently, in reference to the same line. Under such circumstances, the line may be considered as almost conclusively established. As is said in Slice v. Derrick, a possession for 20 years of part of the land in dispute, in reference to a line conflicting with another tract of which another party may be also in actual possession, but outside of the disputed territory, may be enough to presume the execution of a deed conveying the land in dispute to the party in possession.
2 Rich. 629.
1 Hill, 135 & 137.
It is true, in this case, that the description in the deed, “ part of a tract of land granted to Archibald Dunbar,” would, were it not for the actual lines found, and marked, perhaps confine the plaintiff’s claim to the first grant. But run the line, as the defendants contend, and still, it will, between the water-oak and stone, cut off part of the second grant.
There is nothing in the call for a pine corner, on the “back original line.” The corner to which the line from the stone to the stake near a stump runs was originally a pine; it stood on the back original line of the 2d grant. So too, on any correct principles of location, must be regarded the little pine corner. For locate the first grant, as the surveyors have, 1, 2, 3, 4 — and then the second grant upon it, as a boundary, and the result is, the little pine is on its (the 2d grant’s) back line.
Quantity generally cannot control a location. It may be more of less, still it cannot tell you where the surveyor went, or where the parties intended to direct him to go.
In this case, it is the safest to be guided by the unequivocal evidence, which we have in a line 25 years old from the stone to the stake, near a stump (originally the pine corner,) and possession on both sides conforming to it. It is true, there is a line from the stone to the little pine, and that Hezekiah Drehr said that he always regarded that as the true corner, but there was no evidence that Calk, or any one claiming under him, ever so regarded it. 'Indeed if the line were run from the stone to the little pine, there was very little necessity for a comer at the stone; the line is almost straight: indeed there is as little variation as there is between the pine station and the post-oak or stone corner, on the line leading from the water-oak on the river by the red-oak, on the big branch, to the stone corner, and thence to the little pine.
As to the 3d ground, it is only necessary to say, that the law, as it was ruled by the presiding Judge, is as well settled as any can be. The case of Huger v. Cox need only be re *126 ferred to, to shew that, at least since 1833, there could be no room to digprite about it.
The verdict of the jury, however, is wrong, in finding for t¡le defendants. The plaintiff is plainly entitled to recover the land.
The motion for a new trial is granted.
Richardson, J. EvaNs, J. and Frost, J. concurred.